## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **CHARLES EDWARD** | : | **PRISONER CIVIL RIGHTS** |
| **BLANTON, JR.,** | : | **42 U.S.C. § 1983** |
| **GDC ID # 146590,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TONY HOWARD et al.,** | : | **CIVIL ACTION NO.** |
| **Defendants.** | : | **1:16-CV-3406-TWT-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## NON-FINAL REPORT AND RECOMMENDATION

Plaintiff, Charles Edward Blanton, Jr., confined in the Jenkins Correctional

Facility in Millen, Georgia, submitted a *pro se* civil rights complaint pursuant to

42 U.S.C. § 1983. [Doc. 1.] The Court granted Plaintiff's request to proceed

*in forma pauperis*, [Doc. 3], and the complaint is now before the Court for screening

under 28 U.S.C. § 1915A.

## I.     28 U.S.C. § 1915A Standard

The Court must screen a prisoner complaint against a governmental entity,

officer, or employee and dismiss the complaint or any portion thereof if it

(1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted,"

or (2) "seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a), (b)(1) & (2).  A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted).  A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  A viable claim must be "plausible on its face." *Id.* at 570.

In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The Court construes the factual allegations favorably to a *pro se* plaintiff and holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers . . . ."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  This leniency does not permit the Court to act as counsel for a party or to rewrite deficient pleadings.  *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 Fed. Appx. 274, 276-77 (11th Cir. Jan. 9, 2008) (per curiam) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see also GJR Invs., Inc.*, 132 F.3d at 1369 ("Yet even in the case of

2

*pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . .").

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11ᵗʰ Cir. 2010) (citing *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11ᵗʰ Cir. 2001), and *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11ᵗʰ Cir. 1998)).

## II.    Discussion

Plaintiff brings this action against Defendants, Corporal Tony Howard and Lieutenant A. L. Miller of the Newton County Sheriff's Department, in their individual capacities.  [Doc. 1 at 1, 3.]  Plaintiff states that he led Defendants on a chase on September 2, 2014.  [*Id.* at 3.][1]  Plaintiff then decided to surrender.  [*Id.*]  He exited his vehicle and "[lay] face down with [his] hands behind [his] head."  [*Id.*]  Defendants "put [their] knees in the center of [Plaintiff's] back and handcuffed [him]."  [*Id.*]

---

[1]    Because Plaintiff executed his complaint on August 31, 2016, [*see* Doc. 1 at 5], this action satisfies the two-year statute of limitations that applies to § 1983 actions in Georgia. *See Combs v. Nelson*, 419 Fed. Appx. 884, 886 (11ᵗʰ Cir. Jan. 18, 2011) (per curiam) (citing *Lovett v. Ray*, 327 F.3d 1181, 1182 (11ᵗʰ Cir. 2003)).

AO 72A
(Rev.8/8
2)

Defendants then "kick[ed Plaintiff] repeatedly over [his] entire body." [*Id.*]  When

Plaintiff rolled over, Defendants "started to punch [him] in the face and shoulders."

[*Id.*]  Miller "[grabbed Plaintiff's] hair and forced [his] face into the ground, . . .

running [it] back and forth in the dirt [and] causing [it] to get cuts." [*Id.* at 3-4.]

Emergency medical technicians arrived and apparently treated Plaintiff.  [*Id.* at 4.]

Plaintiff was taken to jail, where he "was denied medical treatment." [*Id.*]  Plaintiff

seeks monetary and declaratory relief.  [*Id.*]

### A.    Excessive Force

Plaintiff's claim that Defendants used excessive force implicates the Fourth

Amendment's protection against unreasonable seizures.  *See Graham v. Connor*,

490 U.S. 386, 388 (1989).[2]

> Determining whether the force used to effect a particular seizure is
> reasonable under the Fourth Amendment requires a careful balancing of
> the nature and quality of the intrusion on the individual's Fourth
> Amendment interests against the countervailing governmental interests at
> stake. . . . [The] proper application [of the test of reasonableness under the
> Fourth Amendment] requires careful attention to the facts and
> circumstances of each particular case, including the severity of the crime

---

[2]    "The Fourth Amendment is applicable to [local officials] under the Due
Process Clause of the Fourteenth Amendment." *Reese v. Herbert*, 527 F.3d 1253, 1261
n.11 (11th Cir. 2008) (citing *Mapp v. Ohio*, 367 U.S. 643, 655 (1961), and *Graham*,
490 U.S. at 395, explaining that substantive due process does not apply to claim of
excessive force during arrest).

AO 72A
(Rev.8/8
2)

at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . .

[T]he reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

*Id.* at 396-97 (citations and internal quotation marks omitted); *see also Terrell v. Smith*, 668 F.3d 1244, 1250-51 (11th Cir. 2012) (noting that courts "balance the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate") (quoting *McCullough v. Antolini*, 559 F.3d 1201, 1206 (11th Cir. 2009)).

Plaintiff states individual-capacity excessive force claims against Defendants because they kicked and punched him and injured his face even though he was handcuffed. Although Plaintiff rolled over while he was handcuffed, there is no obvious indication that he was actively resisting arrest at that time. Plaintiff's allegations that Defendants gratuitously beat him must be accepted as true at the present stage of the case. *See Twombly*, 550 U.S. at 555-56.

5

AO 72A
(Rev.8/8
2)

## B.    Medical Care

Deliberate indifference to an arrestee's serious medical needs violates the Eighth

and Fourteenth Amendments, and the standard is the same under both amendments.

*Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Marsh v. Butler Cty., Ala.*,

268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (en banc).

> To prevail on a claim for inadequate medical treatment, [an arrestee] must satisfy an objective and a subjective requirement. . . .  He must show an objectively serious deprivation of medical care by demonstrating (1) an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm, and (2) that the [police] official's response to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law. . . .
>
> [An arrestee] must also show a [police] official's subjective intent to punish by demonstrating that the official acted with deliberate indifference. . . .  To satisfy this requirement, [an arrestee] can show the [police] official's:  (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence.

*Barnes v. Martin Cty. Sheriff's Dep't*, 326 Fed. Appx. 533, 534-35

(11th Cir. May 29, 2009) (per curiam) (citations and internal quotation marks omitted).

Plaintiff does not state deliberate indifference claims against Defendants because

there is no indication that they prevented emergency medical technicians from treating

6

him after his arrest.  Plaintiff claims that he was denied medical treatment in jail, but he neither specifies any individuals who were responsible for the denial nor alleges any facts showing that the denial constituted a wanton infliction of pain.  Accordingly, Plaintiff fails to state any deliberate indifference claims.

## III.   Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that (1) Plaintiff be **ALLOWED TO PROCEED** as in any other civil action on his individual-capacity excessive force claims against Defendants, and (2) Plaintiff's deliberate indifference claims be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

Should the District Court allow this case to proceed, the undersigned will by separate order direct the Clerk regarding service of process.

**IT IS SO RECOMMENDED and DIRECTED**, this   7th   day of November, 2016.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

7