**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **CHARLES EDWARD BLANTON, JR.,** | : | **PRISONER CIVIL RIGHTS** |
| **GDC ID # 146590,** | : | **42 U.S.C. § 1983** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **TONY HOWARD et al.,** | : | **CIVIL ACTION NO.** |
| Defendants. | : | **1:16-CV-3406-TWT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND NON-FINAL REPORT AND RECOMMENDATION**

Plaintiff, Charles Edward Blanton, Jr., confined in the Jenkins Correctional Facility in Millen, Georgia, is proceeding on individual-capacity excessive force claims against Defendants, Corporal Tony Howard and Lieutenant A. L. Miller of the Newton County Sheriff's Office. [*See* Doc. 4 at 3-5, 7; Doc. 6 at 1.] The case is before the Court on Defendants' motions to dismiss, [Docs. 12, 15], and Plaintiff's "motion to strike, rebuttal, and continuance," [Doc. 19].

**I.     Plaintiff's "Motion to Strike, Rebuttal, and Continuance"**

Plaintiff moves to strike Howard's motion to dismiss under Federal Rule of Civil Procedure 12(f). [Doc. 19 at 1-2.] "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Fed. R. Civ. P. 12(f). Rule 12(f) applies to a pleading, such as an answer, but not to a motion. *See Hawk v. Atlanta Peach Movers, Inc.*, No. 1:10-cv-239-JFK, 2011 WL 1533024, at *1 (N.D. Ga. Apr. 21, 2011). Because Howard's motion to dismiss is not a pleading, it may not be stricken.

The remainder of Plaintiff's "motion to strike, rebuttal, and continuance" consists of arguments against the dismissal of this case. [*Id.* at 2-4.] Plaintiff improperly labels those arguments as a motion. The undersigned will consider those arguments in Part II of this Order and Non-Final Report and Recommendation.

Accordingly, Plaintiff's "motion to strike, rebuttal, and continuance," [Doc. 19], is due to be denied.

## II.  **Defendants' Motions to Dismiss**

As the undersigned previously explained, Plaintiff's excessive force claims arose on September 2, 2014, and he executed his complaint on August 31, 2016. [Doc. 4 at 3 & n.1.] The Clerk of this Court received and filed Plaintiff's complaint on September 9, 2016. [Doc. 1 at 1.][1] Defendants move to dismiss this action on

---

[1] Plaintiff also wrote "31 day of September, 2016" on his complaint and certificate of service. [Doc. 1 at 5, 6.] That date does not exist because there are only thirty days in the month of September. Plaintiff wrote the execution date as "8-31-2016." [*Id.* at 5.] The undersigned concludes that Plaintiff misidentified the eighth month of the year as September instead of August. Plaintiff could not have written "31

2

the ground that Plaintiff filed his complaint seven days late. [Doc. 12-1 at 3-4; Doc. 15-1 at 1.]

"The statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years." *Combs v. Nelson*, 419 Fed. Appx. 884, 886 (11th Cir. Jan. 18, 2011) (per curiam) (citing *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003)). "When a *pro se* prisoner files a complaint under § 1983, 'the date of filing shall be that of delivery to prison officials . . . for the purpose of ascertaining timeliness.' " *Lewis v. Barnick*, 385 Fed. Appx. 930, 931 (11th Cir. July 6, 2010) (per curiam) (quoting *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993)).

> [T]he burden is on prison authorities to prove the date a prisoner delivered his documents to be mailed. *See Garvey*, [993 F.2d at 781]. Absent evidence to the contrary in the form of prison logs or other records, [the court] will assume that [the complaint] was delivered to prison authorities the day [that the prisoner] signed it . . . .

*Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).

Plaintiff's complaint is timely because he executed it on August 31, 2016, which was two days before the statute of limitations expired on September 2, 2016. Defendants have not presented any evidence showing that Plaintiff delivered his

---

day of September, 2016" at the end of September 2016 because the Clerk of this Court received and filed the complaint on September 9, 2016.

3

complaint to prison authorities for mailing on a date other than August 31, 2016. Plaintiff's complaint is not untimely merely because the Clerk of this Court received and filed it on September 9, 2016.

In their motions to dismiss, Defendants do not recognize the distinction between the date on which Plaintiff filed his complaint, which was the date on which he executed it, and the date on which the Clerk of this Court filed the complaint, which was the date on which the Clerk received it. [*See* Doc. 12-1 at 3-4; Doc. 15-1 at 1.] That distinction exists in every *pro se* prisoner case in this Court. Thus, the execution date determines timeliness, as the undersigned previously noted. [Doc. 4 at 3 n.1.] Accordingly, Defendants' motions to dismiss should be denied.

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's "motion to strike, rebuttal, and continuance," [Doc. 19], is **DENIED**.

**IT IS RECOMMENDED** that Defendants' motions to dismiss, [Docs. 12, 15], be **DENIED**, and this action be returned to the undersigned for further proceedings.

AO 72A (Rev.8/82)

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  12th  day of April, 2017.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)